Opinion Concurring in the Judgment by
RECKTENWALD, C.J.
Respectfully, I concur in the judgment because the Director clearly erred in concluding that Kyo-Ya would be deprived of the reasonable use of the property. I agree with the majority that the Director inappropriately relied on the 1965 Beach Agreement, and that the record did not support the Director’s conclusion that a variance was necessary to maintain economic viability. Majority Opinion at 110-11, 113-15, 358 P.3d at 679-80, 682-84. In regard to the latter issue, I assume arguendo that the variance could be granted even if Kyo-Ya would not otherwise have been deprived of all reasonable use of the property.[1] Nevertheless, the evidence in the record on that point is inadequate.
The Director also considered the comparative undesirability of an alternative design that would not require a variance, which the Director characterized as a “monolithic wall.” While I believe that this could be a legitimate consideration in evaluating the proposed variance, nevertheless the Director’s decision cannot be affirmed in light of the errors cited above, particularly given the substantial extent of the variance approved by the Director. Majority Opinion at 100, 358 P.3d at 669. Because those errors require reversal, I would not reach the second or third variance requirements of RCCCH § 6-1517.

. In this regard, I note that Korean Buddhist Dae Won Sa Temple of Hawaii v. Sullivan, 87 Hawai'i 217, 953 P.2d 1315 (1998), is distinguishable in several respects, including (1) it was an after-the-fact request for a variance, (2) the "problem was clearly self-created" since the landowner purchased the property knowing of the applicable restriction, and built other buildings that required the Hall to be built to a height of 75 feet in order to achieve "balance and harmony,” and (3) the landowner offered a "dubious argument that no religious use can be made of the Hall." However, as noted above, under any construction of the applicable test, the Director's decision is not adequately supported.